**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Rodrigo S. A.,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

No. 0:26-cv-04576 (KMM/EMB)

---

This matter is before the Court on Petitioner Rodrigo S. A.'s ("Petitioner" or "Rodrigo") Petition for a Writ of Habeas Corpus. (Pet., Dkt. 1). Rodrigo alleges that he is entitled to the writ because Respondents took him into immigration custody without a valid warrant and without a lawful basis to make a warrantless arrest. He claims that the administrative warrant for his arrest is invalid because it was not preceded by a Notice to Appear. For the reasons discussed below, the Petition is granted.

## BACKGROUND

Rodrigo is a citizen of Mexico. (Pet. ¶ 27.) He entered the United States in September 2013 without encountering immigration, Border Patrol, or other federal officials. (*Id.* ¶ 29.)

On October 14, 2026, Rodrigo was one of two passengers in a vehicle that Deportation Officers stopped while conducting fugitive operations in Blaine, Minnesota. (Resp. at 2.) As they approached the vehicle, the officers believed they recognized Rodrigo from vehicle-registration screenshots and photographs associated with a prior immigration encounter. *Id*. To confirm his identity, the officers removed a Mexican Cédula and a

Minnesota driver's license from his wallet. A subsequent records check revealed no record of a lawful entry into the United States or any pending application authorizing him to remain in the country. *Id*.

The officers then arrested Rodrigo after confirming his identity. (Resp. at 2.) A Form I-200 Warrant for Arrest of Alien was issued and served on him before he was transported to the ICE Field Office in Fort Snelling, Minnesota, for processing. (Vandervaart Decl. ¶ 5; (Ex. B, Warrant for Arrest of Alien.) There, an immigration official issued and served Rodrigo with a Form I-862 Notice to Appear, charging him as inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id*. ¶ 6;(Ex. C, Notice to Appear.)

## DISCUSSION

District courts may grant a petition for a writ of habeas corpus when the petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner has the burden of proving his detention is illegal by a preponderance of the evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025).

### I. Legal Standards

Petitioner claims that he is entitled to an order requiring Respondents to immediately release him from custody because he was arrested unlawfully. There are "two mechanisms by which 'it is appropriate to arrest an alien during the removal process.'" *Cesar F.F. v. Blanche*, No. 26-cv-2540 (PJS/DTS), Dkt. 8 at 3 (D. Minn. June 2, 2026) (quoting *Arizona v. United States*, 567 U.S. 387, 407 (2012)). First, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on

whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Second, the law allows for a warrantless arrest in limited circumstances. *See* 8 U.S.C. § 1357(a)(2).

Under the first mechanism, immigration authorities may arrest a noncitizen for the purposes of removal proceedings pursuant to an administrative warrant known as a Form I-200, Warrant of Arrest. 8 C.F.R. § 236.1(b)(1). Ordinarily, Form I-200 warrants are issued in connection with proceedings initiated pursuant to 8 U.S.C. § 1226, which establishes a "discretionary detention framework" under which persons detained receive bond hearings prior to an order requiring detention. *See Jose J.O.E. v. Bondi*, 797 F. supp. 3d 957, 969 (D. Minn. 2025). The discretionary detention contemplated by this statute also allows the government to "release the alien on . . . bond of at least $1,500 . . . or . . . conditional parole." 8 U.S.C. § 1226(a)(2).

A Form I-200 warrant is valid when it is issued at the same time as ICE issues a NTA, or any time after the NTA has been issued. *Id.*; *Martha C.G.P. v. Blanche*, No. 26-cv-2308 (DWF/JFD), 2026 WL 1329577, at *3 (D. Minn. May 13, 2026) ("Respondents may arrest a noncitizen using a Form I-200 only if the Form I-200 issues at the same time or after the Department of Homeland Security issues an NTA."); *Armindo H.V. v. Blanche*, No. 26-cv-3950 (NEB/EMB), Dkt 10 at 4 (D. Minn. Sept. 28, 2026) (concluding that sequencing of issuance matters, and that an NTA must be issued before a Form I-200. The Form I- 200 warrant empowers ICE to arrest noncitizens *during* removal proceedings, and the NTA is what initiates removal proceedings.").

Courts have held that an arrest is made "pursuant to" an I-200 warrant when the warrant is issued prior to that arrest. *Makitio G. A., v. Blanche*, No. 26-cv-2200

(ECT/DLM), 2026 WL 1584457, at *4 (D. Minn. May 22, 2026) ("[I]f a removal warrant for [the noncitizen] was not procured until ... after his ... arrest, that means he was arrested without a warrant."), *R&R adopted*, 2026 WL 1591270 (D. Minn. June 3, 2026); *cf. Pina C.D.B. v. Bondi*, No. 26-cv-1929 (KMM/DJF), 2026 WL 810676, at *2 (D. Minn. Mar. 24, 2026) (collecting cases holding 8 U.S.C. § 1226(a)'s "[o]n a warrant" language to require the issuance of a warrant prior to arrest).

The second means of arresting a noncitizen is under the warrantless-arrest authority provided in 8 U.S.C. § 1357. In the provision relevant here, such an arrest is permissible only if there is "reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2). By its plain language, § 1357(a)(2) contains two separate requirements: (1) that the individual is in the United States in violation of immigration laws; and (2) that he is likely to escape before a warrant can be obtained for his arrest. And in this context, "the term 'reason to believe' . . . means constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

**B. Analysis**

Rodrigo argues that his arrest complied with neither the first nor the second mechanism because (1) the I-200 warrant was not issued at the same time as the NTA or after it, and (2) there was no basis for a warrantless arrest. (Pet. ¶ 2, 71–80.)

The Supreme Court has not addressed whether an I-200 warrant issued before an NTA can legally support an arrest of a noncitizen for purposes of removal proceedings.

Neither has the Eighth Circuit Court of Appeals. But numerous decisions from the District of Minnesota have held that an arrest of a noncitizen is invalid when the NTA is not issued prior to or contemporaneously with the issuance of a Form I-200. *Tha I. v. Blanche*, No. 26-CV-3516 (LMP/DLM), 2026 WL 3093493, at *1 (D. Minn. Oct. 16, 2026); *Alejandro C. G. v. Blanche*, No. 26-cv-3117 (ECT/EMB), 2026 WL 2838175, at *2 (D. Minn. Sept. 22, 2026) (collecting cases). The Court finds these cases persuasive and follows them here

There is no dispute that the I-200 Warrant for Rodrigo's arrest did not issue "at the same time as the issuance of the notice to appear, or at any time thereafter." 8 C.F.R. § 236.1(b)(1). On October 14, 2026, during Rodrigo's arrest, Respondents issued and served the Form I-200 warrant before transporting him to the ICE Field Office in Fort Snelling, Minnesota. (Vandervaart Decl. ¶ 5.) At the facility, "an ICE/ERO/SDDO issued [Rodrigo] a Form I-862 Notice to Appear and then served it on Rodrigo." *Id.* ¶ 6. Nothing else in the record suggests that Respondents issued the I-200 contemptuously with the I-862. Therefore, because the issuance of an NTA is a prerequisite to the commencement of removal proceedings, the authority to issue a warrant under § 236.1(b)(1) had not yet arisen. As courts in this District have recognized, "an NTA is a case-initiating pleading - like an indictment in a criminal case - that serves as the basis for commencing a grave legal proceeding." *Alejandro C.G.*, 2026 WL 2838175, at *3 (quoting *Jesus F.D. v. Mulin*, No. 26-cv-2486 (PJS/DTS), slip op. at 5-6 (D. Minn. June 10, 2026), ECF No. 10) (cleaned up). Accordingly, a warrant issued before the commencement of removal proceedings "purports to exercise authority that does not yet exist." *Id.* Because Respondents arrested Rodrigo on an I-200 warrant that was issued before the issuance of an NTA, the warrant

was not a valid exercise of ICE's arrest authority and was noncompliant with the clear language of the governing regulation.

Next the Court considers whether Respondents' warrantless arrest was authorized under 8 U.S.C. § 1357(a)(2). Respondents contend that their warrantless arrest of Rodrigo was justified because the circumstances established probable cause to believe that he had violated an immigration law and was likely to escape before a warrant could be obtained. (Resp. at 26–27.) They argue that Rodrigo was in violation of immigration law by being present in the country illegally as records checks revealed no legal entries into the United States, and no applications allowing him to remain in the United States. (*Id.*; Resp. at 2.) Second, Respondents contend that there was a likelihood Rodrigo would escape before a warrant could be obtained because he was in an operable motor vehicle, and in the decades, Rodrigo was in the United States, he never made any attempt to regularize his status. (Resp. at 25–27.) The Court finds that Respondents have failed to satisfy the requirements under § 1357(a)(2).

Though the record demonstrates the existence of probable cause that Rodrigo was not lawfully present in the United States, there is insufficient support for a determination that there was probable cause to believe he was "likely to escape before a warrant [could] be obtained for his arrest." 8 U.S.C. § 1357(a)(2). This requirement "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizens at another clearly identifiable location." Walther A.S. v. Blanche, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (citation modified).

The absence of information in DHS's databases, and the fact that he was in a vehicle when he was stopped do not demonstrate that he was likely to escape before a warrant could be obtained, especially in light of the fact that he freely admitted he was not authorized to be in the United States (Resp. at 2.) and was cooperative with the Deportation officers. Further, the Court is unpersuaded that Rodrigo's "decades" long residence in the United States without apprehension is evidence that he was likely to escape before a warrant could be obtained. That argument assumes, without evidence, that Rodrigo had been actively evading immigration authorities, functionally conflating his unlawful presences with a willingness to flee. *See Elder C.C.*, 2026 WL 3025948, at *2 (declining to find probable cause that the petitioner was likely to escape before a warrant could be obtained); *Manual P.N. v. Easterwood*, No. 26-cv-3799 (ECT/DJF), 2026 WL 2823650, at *2 (D. Minn. Sept 21, 2026) (finding no support for a warrantless arrest under § 1357's likely-to escape prong where the noncitizen was stopped in a vehicle, admitted he was not legally in the United States, did not register an address with DHS, and lacked identification showing that address).

Finally, relying on the Seventh Circuit's decision in *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982), Respondents argue that even if Petitioner's arrest was unlawful, he is foreclosed from challenging his arrest in a habeas case given that he is now in removal proceedings before the immigration court. (Resp. at 26–32.) This Court has previously rejected the government's argument that an unlawful arrest cannot result in relief from custody in a habeas proceeding. *Emily Andreina N.V. v. Blanhce*, No. 26-cv-2570 (KMM/EMB), 2026 WL 2209844, at *4–5 (D. Minn. July 31, 2026). And like other courts

in this District, the Court "decline[s] to adopt *Arias* for the propositions that a habeas petitioner in removal proceedings cannot challenge an unlawful arrest or that release is not the appropriate remedy." *Elder C.C.*, 2026 WL 3025948, at *3; *Wilfredo C.M. v. Blanche*, No. 26-cv-3966 (JRT/DJF), 2026 WL 2875061, at *2 (D. Minn. Sept. 24, 2026) (same).

Based on the discussion above, the Court concludes that Petitioner Rodrigo S. A. was not arrested pursuant to a valid warrant and his warrantless arrest did not comply with the requirements of 8 U.S.C. § 1357(a)(2). As a result, the Court grants Rodrigo's Petition and orders Respondents to release him from custody.[1]

**ORDER**

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Petitioner Rodrigo S. A.'s Verified Petition for a Writ of Habeas (Dkt. 1) is **GRANTED**.

2. Respondents shall release Petitioner Rodrigo S. A. from immigration custody within 24 hours of the issuance of this order.

3. Respondents shall file a status report with the Court within 48 hours of Petitioner's release advising that it has occurred.

**Let Judgment be entered accordingly**.

Date: November 25, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

[1] Given this conclusion, the Court need not address the question of whether Rodrigo's detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.